2014 OK CIV APP 102

**COMMERCE BANK, a Missouri Banking Corporation, Plaintiff/Appellee,**

v.

**Melissa M. GIVENS, Defendant/Appellant.**

**No. 112,059.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 28, 2014.

Tracy Cotts Reed, Love, Beal & Nixon, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Stephen J. Capron, Capron & Edwards, PLLC, Tulsa, Oklahoma, for Defendant/Appellant.

**KENNETH L. BUETTNER, Judge.**

¶ 1 Defendant/Appellant Melissa M. Givens appeals from the Journal Entry of Judgment ordering Givens to pay post-judgment interest at a contract rate of 21.99%. After *de novo* review, we hold the trial court erred by applying 12 O.S. § 727.1(D). We reverse and remand for the trial court to enter judgment ordering post-judgment interest at the rate pursuant to 12 O.S. § 727.1(C).

¶ 2 Commerce Bank, a Missouri Banking Corporation (Bank), filed a Petition for Indebtedness against Givens September 29, 2011. Bank claimed Givens owed $8,599.78 in principal and $1,743.47 in interest from the date of default to September 22, 2011, with interest accruing at the rate of 21.99% per annum. Givens filed a Special Appearance and Motion to Dismiss December 2, 2011. Givens's Motion to Dismiss was based on

insufficient service of process. On March 16, 2012, pursuant to 12 O.S. § 1101.1, Givens filed an Offer of Judgment in the amount of $4,000.00.[1] Bank filed Plaintiff's Acceptance of Defendant's Offer of Judgment March 23, 2012. Neither the Offer of Judgment nor Bank's Acceptance specified the post-judgment interest rate. The trial court overruled Givens's Motion to Dismiss May 10, 2012.

¶ 3 On January 8, 2013, Bank filed a Motion to Enforce the Settlement Agreement or in the Alternative, Motion for Summary Judgment. Bank attached to its Motion to Enforce a letter from Bank's attorney to Givens's attorney with a proposed journal entry of judgment. The proposed journal entry of judgment contained a finding that "[i]nterest will continue to accrue at the contract rate of 21.99% as authorized by 12 O.S. § 727.1 until judgment is paid in full." Givens responded and asserted that the trial court should enter the judgment for $4,000.00. Givens also argued that the judgment should show post-judgment interest accruing at a rate pursuant to 12 O.S. § 727.1(C).[2] Givens argued that the exis-

---

1. Title 12, § 1101.1 provides, in pertinent part:
   1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
   a. a written acceptance or rejection of the offer, or
   b. a counteroffer of judgment, as described in paragraph 2 of this subsection.
   If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.
   12 O.S.2011 § 1101.1(B)(1).

2. Title 12, § 727.1 provides, in pertinent part:
   C. The postjudgment interest authorized by subsection A or subsection B of this section shall accrue from the earlier of the date the

judgment is rendered as expressly stated in the judgment, or the date the judgment is filed with the court clerk, and shall initially accrue at the rate in effect for the calendar year during which the judgment is rendered until the end of the calendar year in which the judgment was rendered, or until the judgment is paid, whichever first occurs. Beginning on January 1 of the next succeeding calendar year until the end of that calendar year, or until the judgment is paid, whichever first occurs, the judgment, together with post-judgment interest previously accrued, shall bear interest at the rate in effect for judgments rendered during that calendar year as certified by the Administrative Director of the Courts pursuant to subsection I of this section. For each succeeding calendar year, or part of a calendar year, during which a judgment remains unpaid, the judgment, together with postjudgment interest previously accrued, shall bear interest at the rate in effect for judgments rendered during that calendar year as certified by the Administrative Director of the Courts pursuant to subsection I of this section. A separate computation using the interest rate in effect for judgments as provided by subsection I of this section shall be made for each calendar year, or part of a calendar year, during which the judgment remains unpaid in order to determine the total amount of

tence of the contract upon which Bank's lawsuit was based and the terms of the contract, including the interest rate, were never adjudicated. The trial court made the following minute entry May 15, 2013:

> CARTER, MARTHA: PL REPRESENTED BY TOM BURKE. DF REPRESENTED BY STEVE CAPRON. HEARING HELD. ENFORCE SETTLEMENT AGREEMENT–OFFER OF JUDGMENT OF $4,000.00 IS GRANTED. BOTH PARTIES AS TO INTEREST/JURISDICTION LIMIT ARE TO SUBMIT LEGAL AUTHORITY WITHIN 30 DAYS (6–17–2013). HEARING SET FOR 6–19–13 AT 10:30 A.M.

The trial court had a hearing on the proper interest rate and when post-judgment interest was to begin accruing June 19, 2013. The trial court entered an Order July 11, 2013 finding post-judgment interest began accruing May 15, 2013, the date the trial court rendered judgment and, pursuant to 12 O.S. § 727.1(D), the post-judgment interest rate was the contract rate of 21.99%.[3] The trial court explained in the Order:

> [Bank's] allegations in its Petition and in the affidavit accompanying Bank's Alternative Motion for Summary Judgment established the parties contracted for [Bank] to extend credit to [Givens] with an interest rate of 21.99% per annum. [Givens] filed no answer refuting the petition's allegations even though [her] Motion to Dismiss was overruled by the Court on May 12, 2012. Under 12 O.S. Section 2008 D, allegations (except those on the amount of damages) are deemed admitted when not denied in a responsive pleading. Pursuant to 12 O.S. Section 727.1 D., if a rate of interest is specified in a contract, the rate

specified shall apply and be stated in the journal entry of judgment.

The trial court entered a Journal Entry of Judgment September 5, 2013. Givens appeals.

■ ¶4 First, Givens argues a special judge did not have jurisdiction in this matter. The jurisdiction of special judges is limited by statute. Title 20, § 123 provides, in pertinent part, that special judges may hear and decide "[a]ctions for the recovery of money where the amount claimed does not exceed Ten Thousand Dollars ($10,000.00) and counterclaim or setoff does not exceed Ten Thousand Dollars ($10,000.00)." 20 O.S.2011 § 123(A)(1). Givens filed an Objection to Jurisdiction of Special Judge May 15, 2013 and asserted that the Bank claimed more than $10,000.00 in damages in its Petition for Indebtedness. After a hearing June 19, 2013, the trial court found a special judge had jurisdiction because the principal amount prayed for was less than $10,000.00.

¶5 Givens did not raise the jurisdictional issue until after Bank accepted the Offer of Judgment and a dispute arose over the post-judgment interest rate. At that time, the amount in dispute was less than ten thousand dollars.

■ ¶6 Second, Givens argues the trial court erred by invoking 12 O.S. § 727.1(D) and finding the post-judgment interest rate was the contract rate of 21.99%. Givens argues the statutory post-judgment interest rate applies. *See* 12 O.S. § 727.1(C). Questions of law are reviewed *de novo*. *See Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081. The appellate court has the plenary, independent and non-deferential authority to reexamine a trial court's legal rulings. *Id.*

---

interest for which the judgment debtor is liable. The postjudgment interest rate for each calendar year or part of a calendar year a judgment remains unpaid shall be multiplied by the original amount of the judgment, including any prejudgment interest, together with postjudgment interest previously accrued. Interest shall accrue on a judgment in the manner prescribed by this subsection until the judgment is satisfied or released.

12 O.S.2011 § 727.1(C). At the time, the post-judgment interest rate was 5.25%.

**3.** Subsection (D) provides:

> If a rate of interest is specified in a contract, the rate specified shall apply and be stated in the journal entry of judgment. The rate of interest shall not exceed the lawful rate for that obligation. Postjudgment interest shall be calculated at the contractual rate and accrued in the same manner as prescribed in subsection C of this section.

12 O.S.2011 § 727.1(D).

¶ 7 Givens's offer of judgment was accepted March 23, 2012. Givens's answer to the petition was not due until after the trial court denied Givens's Motion to Dismiss May 10, 2012. A defendant's failure to file a responsive pleading denying the plaintiff's allegations has no affect when an offer of judgment has previously been accepted. Therefore, Givens did not admit to the existence of a contract or the 21.99% interest rate by failing to file an answer. Without an admission, there is no evidence of a contract interest rate of 21.99% at the time the judgment was accepted.[4] Therefore, 12 O.S. § 727.1(C) applies. We reverse and remand for the trial court to enter judgment ordering post-judgment interest at the rate pursuant to 12 O.S. § 727.1(C).

¶ 8 REVERSED AND REMANDED.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

4. The Cardholder Agreement was attached to Bank's Motion to Enforce the Settlement Agreement or in the Alternative, Motion for Summary Judgment filed January 8, 2013. The Cardholder Agreement was not attached to the Petition for Indebtedness or any other pleadings filed prior to Bank's acceptance of Givens's Offer of Judgment.